# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

IN RE: ARNIE G. BAILEY                                          Case No. 06-30871-DOT
      THERESA L. BAILEY
    Chapter 13 Debtors

## MEMORANDUM OPINION AND ORDER

Debtors' counsel submitted an application for supplemental fee for his services in this chapter 13 case in the amount of $396.47. This request is in addition to a fee claim in the amount of $3,000.00, an amount provided as a so-called "no look" fee by this court's interim procedures. The Office of U.S. Trustee has objected to the allowance of the supplemental fee.

The attorney's claim for the initial $3,000.00 derives from Paragraph 12 of this District's Interim Procedures Governing Practice and Procedure Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Exhibit to Standing Order No. 06-6, version 6/26/06), which provides in part as follows:

> 12. Interim Procedure 2016-1 Compensation of Professionals
>
> ( C ) For Debtor's Attorney in Chapter 13 Case:
>
> (7) Fees Requested Not in Excess of $3,000 [For All Cases and Proceedings Filed on or After 10/17/05]: Where the Rule 2016-1 disclosure of compensation does not exceed $3,000, the Court may award compensation in such amount or less, plus reimbursement of actual and necessary expenses, with or without a hearing, upon the following:
>
> . . .

This court first provided for a so-called "fixed" or "no-look" attorney fee in chapter 13 cases by local rule adopted in 1988. The original amount of the fee was $750.00, which has been increased incrementally over the years. The no-look fee amount was increased from $1,500.00 to $3,000.00 effective October 17, 2005, which was the effective date of the 2005 bankruptcy

reform legislation referred to above (BAPCPA). The increase was based on the District's bankruptcy judges' estimate that an attorney fee in this increased amount would be justified by additional duties imposed on debtors' attorneys under the new law.

Local rules allowing a no-look fee in chapter 13 cases have been adopted in many judicial districts. These provisions serve to provide a reasonable attorney fee without the necessity for hearings in every case. This is an administrative convenience for both the court and counsel and does not preclude an attorney from claiming additional fees. However, any perception that the no-look fee is a matter of right is misplaced, as is the notion that a supplemental fee will be allowed as soon as the attorney incurs time charges in a case in excess of $3,000.00.

I consider the $3,000.00 no-look allowance as generous. At least one BAPCPA chapter 13 case in the Richmond Division has raised a question of whether the court set the fee too high. It may be that the judges overestimated the time attorneys will be required to devote to chapter 13 cases under the new law. As attorneys become accustomed to the new practice, the services may not be as extensive as previously estimated.

It is probable that in the near future, the judges of this district will consider the adoption of further guidelines governing the allowance of attorney fees in chapter 13 cases. For example, the court has never adopted guidelines describing the specific attorney services that are covered in the no-look fee and for which supplemental fees may not be allowed. In general, this court has not allowed chapter 13 supplemental fees for attorney services that routinely recur in cases.

The services for which counsel requests the supplemental fee here are primarily related to the fact that debtors' case was dismissed because they missed their initial meeting of creditors. It

was necessary for counsel to file a motion to vacate the dismissal, attend a hearing on the motion, give new notice to creditors and attend the rescheduled 341 meeting.

The U.S. Trustee objects to the supplemental fee because the services in question are routine in nature. The objection is well taken. A debtor client's failure to attend a 341 meeting is truly one of the hazards an attorney must anticipate in representing debtors in any consumer case. Accordingly, counsel's supplemental fee request will be denied. This will not preclude counsel from including the time charges for consideration in any future supplemental fee application in the case.

**IT IS ORDERED** that the application for supplemental fee for services in this chapter 13 case in the amount of $396.47 submitted by debtors' attorney, Bruce W. White, is **DENIED**.

SIGNED: _____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copies to:

Bruce W. White, Esquire
7110 Forest Avenue, Suite 204
Richmond, Virginia 23226
Counsel to Debtors

Arnie G. Bailey
Theresa L. Bailey
18420 Templeton Road
Disputanta, Virginia 23842
Chapter 13 Debtors

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
600 East Main Street, Suite 301
Richmond, Virginia 23219

Assistant United States Trustee

Carl M. Bates, Esquire
P.O. Box 1819
Richmond, Virginia 23218-1819
Chapter 13 Trustee